**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ARVIN DALE ROCHELLE**                                                          **PETITIONER**

**V.**                                                           **NO. 4:18-CV-50-DMB-JMV**

**MARSHAL TURNER, et al.**                                            **RESPONDENTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden.   Doc. #5.

# I
## Procedural History

On or about February 21, 2018, Arvin Dale Rochelle filed a petition for a writ of habeas corpus in this Court, claiming that prison staff retaliated against him for filing grievances.   Doc. #1 at 6.   Rochelle asks the Court to reinstate his "previous job[,] housing unit, [and] bed," to "mak[e] him whole again as if the retaliation never occurred."   *Id*. at 17.

On April 2, 2018, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation recommending that Rochelle's petition be dismissed for failure to state a claim upon which relief can be granted.   Doc. #5 at 1.   Judge Virden determined that Rochelle had not raised a "challenge [to] the fact or duration of his confinement," which must be litigated through a habeas petition under 28 U.S.C. § 2254, but rather raised a challenge to the conditions of his confinement, which must be litigated under 42 U.S.C. § 1983.   *Id*. at 3.   On April 16, 2018, the Court received Rochelle's timely objection to the Report and Recommendation.   Doc. #8.

## II
## Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a

de novo review of those portions of the … report and recommendation to which [a] Defendant[] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record.

*Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted). Accordingly, the Court will conduct a de novo review of the part of the Report and Recommendation to which Rochelle has specifically raised objections and will review the remainder for plain error.

## III
## Analysis

In his objection, Rochelle asserts that Judge Virden erred in determining that he could not pursue his conditions of confinement claim through a petition for a writ of habeas corpus, arguing that "habeas relief does indeed lie for this First Amendment claim" seeking redress for grievances. Doc. #8 at 2.

The United States Supreme Court has not precluded the possibility of litigating a pure conditions of confinement case through a petition for a writ of habeas corpus. Indeed, in *Preiser v. Rodriguez*, it left open the possibility that a petition for a writ of habeas corpus could be available to challenge conditions of confinement. 411 U.S. 475, 499–500 (1973); *see Wilkinson v. Dotson*, 544 U.S. 74, 89 (2005) (Kennedy, J., dissenting) ("the Court does not seem to deny that respondents' [§ 1983] claims indeed could be cognizable in habeas corpus proceedings").

Lower courts are split on whether claims challenging conditions of confinement can be raised in a petition for a writ of habeas corpus. Brian R. Means, FEDERAL HABEAS MANUAL § 1:35 (June 2018 update). Most circuits, including the Fifth, have ruled that a petition for a writ of habeas corpus may not be used to review the conditions of a prisoner's confinement unless those conditions also affect the fact or duration of confinement. *Id*. Such circuits require that claims challenging conditions of confinement—which do not affect the fact or duration of confinement— "be brought in a different vehicle, such as a civil rights action under 42 U.S.C.A. § 1983." *Id*.

Fifth Circuit jurisprudence holds that § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures while a § 2254 habeas corpus petition is the proper vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). However, there is a narrow exception, as the Fifth Circuit permits a state prisoner to bring a conditions of confinement claim in a petition for a writ of habeas corpus if the relief sought "inevitably" affects the duration of the prisoner's sentence. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (noting that prisoner's confinement in disciplinary segregation does not "inevitably" affect the duration of sentence); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (if favorable resolution of action would not automatically entitle prisoner to release, proper vehicle is § 1983).

Here, the relief Rochelle seeks—which only relates to the conditions of his confinement— would not "inevitably" affect the duration of his sentence. Moreover, the cases Rochelle cites in support of his position either do not support it;[1] are not on point;[2] are non-binding opinions from

---

[1] *See Preiser*, *supra*.

[2] *Bell v. Wolfish*, 441 U.S. 520 (1979) ("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement

other circuits;[3] or were issued by federal district courts or state courts. Accordingly, Rochelle's objections are overruled as without merit.

Finally, as Judge Virden noted in the Report and Recommendation, it appears Rochelle has attempted to circumvent the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") by seeking relief for a prison conditions claim in a petition for a writ of habeas corpus, rather than in a complaint under 42 U.S.C. § 1983. *See* Doc. #5 at 4. Under 28 U.S.C. § 1915(g), an inmate who has had three civil rights complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, cannot proceed as a pauper in a later case unless he is "under imminent danger of serious physical injury." Rochelle has accumulated three strikes and has not shown that he faces such imminent danger; thus, he could not proceed as a pauper if he had sought relief under 42 U.S.C. § 1983. Any attempt then by Rochelle to bypass the PLRA restriction by bringing his claim in a habeas corpus petition—which is not subject to 28 U.S.C. § 1915(g)—would be unavailing. In short, Rochelle may not proceed with his prison conditions claim in this habeas corpus case.

## IV
## Conclusion

Rochelle's objections [8] to the Report and Recommendation are **OVERRULED**; the Report and Recommendation [5] is **ADOPTED** as the order of the Court; and Rochelle's petition

---

itself."); *Butts v. Martin*, 877 F.3d 571 (5th Cir. 2017) (not addressing use of petition for a writ of habeas corpus to challenge conditions of confinement).

[3] *Mead v. Parker*, 464 F.2d 1108 (9th Cir. 1972); *Cardaropoli v. Norton*, 523 F.2d 990 (2d Cir. 1975); *Knell v. Bensinger*, 522 F.2d 720 (7th Cir. 1975); *Bradshaw v. Carlson*, 682 F.2d 1050 (3d Cir. 1981); *Albers v. Ralston*, 665 F.2d 812 (8th Cir. 1981); *Dickerson v. Walsh*, 750 F.2d 150 (1st Cir. 1984); *Boudin v. Thomas*, 732 F.2d 1107 (2d Cir. 1984); *Brennan v. Cunningham*, 813 F.2d 1 (1st Cir. 1987).

for a writ of habeas corpus is **DISMISSED** for failure to state a claim upon which relief can be granted.

  **SO ORDERED**, this 28th day of December, 2018.

           **/s/Debra M. Brown**     
           **UNITED STATES DISTRICT JUDGE**